# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 CASE NO.: 13-52755 |
| | ) | |
| TIMOTHY L. SANFORD | ) | JUDGE MARILYN SHEA-STONUM |
| SUSAN A. SANFORD | ) | |
| | ) | |
| | ) ☒ | ORIGINAL CHAPTER 13 PLAN |
| DEBTORS | ) X | THIRD AMENDED CHAPTER 13 PLAN** |
| | ) ☒ | SEE PARAGRAPH 12 FOR SPECIAL PROVISIONS |

*********************************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor (s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached.**
_____

** Reason Plan is Being Amended:. To ADDRESS FEASIBILITY
To address – Plan amendments -


1.  **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

   A.  **To the Chapter 13 Trustee (hereinafter "Trustee")**: **$510.00** per month, payable in monthly ☐ semi-monthly x bi-weekly installments of **$238.00** each

   X   The Debtor shall make weekly payments via payroll deduction from Husband's employer, GMS Custom Cable Construction, Inc. P.O. Box 7495 Canton, Ohio 44705.

   ___   The Debtor will make payment by and will file a motion to allow for direct payment concurrently with this chapter 13 plan.

   ___   The Debtor (s) is self-employed and shall make payments to the Trustee by cashier check or money order.

   ___   The Debtors is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

The Debtors further propose to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. The Debtor shall voluntarily decide to commit a portion of any exempt portion of the tax refund to the plan to cure any feasibility issues.

2.  **ADEQUATE PROTECTION PAYMENTS**

Concurrent with the filing of this plan, the Debtor (s) have filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors.

| Creditor | Account # | Address | Amount |
|----------|-----------|---------|--------|
|          |           |         |        |

**3.     ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims.  If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution.  Should the Debtor (s)'s plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to  finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4.     CLAIMS SECURED BY REAL PROPERTY**

   **A.     Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments.  Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.  Note:  The interest rate requested by the creditor must be stated on the front of the proof of claim.  Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|----------|------------------|---------------------------|-----------------------------------|
| Carrington Mortgage | 5178 Donner Drive Clinton Ohio 44216 | $22,744.56 | |
| U.S. Bank, N.A. | Same | TO BE AVOIDED – | |
| Citizens Bank | Same | TO BE AVOIDED- | |
| County of Summit | Same | $4075.49 | |

   **B.     Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|----------|------------------|------------------------------------|---------------|-----------------------------------|
|          |                  |                                    |               |                                   |

**5.     CLAIMS SECURED BY PERSONAL PROPERTY**

   **A.     Secured Claims to be Paid  Through the Plan:**

Trustee shall pay the following claims  in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|----------|------------------------|--------------|---------------|-----------------------------------|
|          |                        |              |               |                                   |

2

6. **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate w | Monthly Payment (Paid by Trustee) |
|---|---|---|

7. **DOMESTIC SUPPORT OBLIGATIONS**

Debtor ☐ does   does not   have domestic support obligations pursuant to 11 U.S.C. §101(14A).

NO MONTHLY MONETARY OBLIGATION – SEE BELOW

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address |
|---|---|

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|

Pursuant to 11 U.S.C. Sections 523(a)(5)(15) and other applicable provisions – any alleged property settlement claim of Kevin Mayer, shall be discharged upon completion of the Debtor's chapter 13 plan – no priority claim shall be allowed except for an unsecured claim to be discharged under this plan and completion of the chapter 13 case under applicable bankruptcy code provisions including 11 U.S.C. Sections 523, 1322, 1325 and 1328.

8. **OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|

9. **GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid **5%** of timely filed and non disputed general non-priority unsecured claims.

10. **PROPERTY TO BE SURRENDERED**

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any

unsecured deficiency claim must be filed within 90 days that the property is surrendered to the creditor. A deficiency claim filed beyond the 90 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| Ford Motor Credit LLC | 2008 Mercury Mountaineer |

**11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

| Creditor | Property Description |
|---|---|
| | |

**12. SPECIAL PROVISIONS**

**The Debtors shall continue to pay the first mortgage on the real estate property located at 5178 Donner Drive, Clinton, Ohio 44216, which is secured by a loan to Carrington Mortgage Se and/or its assigns directly outside the Plan pursuant to a certain loan modification agreement.**

**The Debtor shall avoid under applicable Bankruptcy Code Provisions 11 U.S.C. Sections 522,506, 1322, 1325 the wholly unsecured second mortgage to U.S Bank, N.A, and third mortgage/lien of Citizens Bank, or its assigns against the real estate property.**

**The Debtor shall/retain/surrender the 2002 Dodge Caravan –as the claim of OneMain Financial claim was discharged in prior chapter 7**.

/S/Timothy L. Sanford & Susan A. Sanford
Timothy L. Sanford & Susan A. Sanford


/S/Robert S. Thomas, II
Robert S. Thomas, II (0068336)
Brian J. Malone (0068336))
1653 Merriman Road Suite 203
Akron, OH 44313
330-253-1500 – 330-253-5743 (fax)
rstlaw@yahoo.com
bmalone@ttmlaw.com

4